UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

RAUL MENDEZ,

Plaintiff,

v.

Ada County, Ada County Commissioners, Ada County Treasurer, Ada County Clerk, Ada County Recorder, Ada County Billing Services, Scott Williams, Lyn Call, and any other employees of the Ada County Billing Services; Republic Services, 9th Circuit Court of Appeals, US District of Idaho, Amanda Brailsford, David Nye, B. Lynn Winmill; and United States,

Defendants.

Case No. 1:26-cv-00351-BLW

**MEMORANDUM DECISION & ORDER**

## INTRODUCTION

Before the Court are Plaintiff Raul Mendez's Emergency Motion for Extension of Time to File Amended Pleadings (Dkt. 8) and Emergency Motion for Preliminary Injunction (Dkt. 9-1). The emergency motion for injunctive relief was filed yesterday, August 31, 2026, and arises from an impending tax-deed auction of Mendez's residence, which was scheduled to begin August 31, 2026 and conclude on September 3, 2026.

The Court will address the substance of these motions below, but in the interests of clarity, and given what is at stake for Mendez, the Court will note the following at the outset: ***Mendez should understand that continuing to pursue emergency relief in this Court or the Court of Appeals does not itself preserve his right to redeem the property or prevent Ada County from proceeding with the sale. If his objective is to keep his home, the Court believes the best course of action would be for Mendez to act immediately to determine whether redemption remains available—and to pursue that right if available—rather than assuming his litigation filings will stop the sale. Otherwise, he stands to lose his home.***

Returning to the recent filings, the Court notes that when Mendez filed his motion for injunctive relief, he concurrently filed a notice of appeal from this Court's August 4, 2026 Memorandum Decision and Order, which, among other things, denied an earlier motion for preliminary injunction without prejudice. His accompanying filings also indicate that he is independently asking the Ninth Circuit to enjoin the impending tax-deed auction. Thus, Mendez appears to be simultaneously seeking emergency relief concerning the auction in both this Court and the Court of Appeals.

Despite this unusual procedural posture, and given the impending sale of Mendez's residence, the Court will quickly resolve the motions pending before it (as opposed to any directed at the Ninth Circuit), as follows: (1) The Court will

grant Mendez the additional time he requests to file an amended complaint and completed application to proceed in forma pauperis. (2) But the Court will deny Mendez's request for emergency injunctive relief. As explained below, Mendez's request for injunctive relief suffers from several threshold defects and, more fundamentally, he has not shown he is likely to succeed on the merits of his planned (but not yet filed) Fifth Amendment claim.

## BACKGROUND

The history of this action is set out more fully in the Court's August 4, 2026 Memorandum Decision and Order. *See* Dkt. 7. Briefly, however, Mendez has filed several lawsuits in this District challenging Ada County's assessment and collection of residential trash-collection fees. In this action, Mendez once again challenged those fees and collection efforts, but this time he alleged that Ada County recently obtained a tax deed to his residence based upon the unpaid fees.

On August 4, 2026, the Court dismissed Mendez's complaint but granted him limited leave to amend to attempt to state a Fifth Amendment claim arising from Ada County's use of the tax-deed process. *See id.* at 18–21. The Court also denied Mendez's application to proceed *in forma pauperis* because the application contained omissions and inconsistencies. *See id.* at 10–14. The Court gave Mendez 21 days to file both an amended complaint and a completed IFP application. *See id.* at 21–22.

Mendez did not submit either filing within that period. On August 27, however, he filed an emergency motion requesting an additional 30 days to submit the filings. *See* Dkt. 8. The Court will grant that request and extend Mendez's deadline to September 28, 2026. Given subsequent developments, however (namely the impending sale of his residence), Mendez may wish to make the required filings sooner.

After filing his motion for an extension, Mendez filed an Emergency Motion for Preliminary Injunction. He asks the Court to prevent Ada County from proceeding with the tax-deed auction and requests a ruling by September 1, without a hearing.

## ANALYSIS

### 1. The Motion for an Extension

The Court will first take up Mendez's motion for an extension. On this score, the Court will give Mendez the benefit of the doubt and grant him the requested extension. Two points of clarification, however:

*First,* Mendez contends that his deadline to file an amended complaint and IFP application did not expire until August 28 because he received the Court's August 4 Order by mail. He relies on Rule 6(d), which adds three days "[w]hen a party may or must act within a specified time after being served" and service is accomplished by certain methods, including mail. Fed. R. Civ. P. 6(d).

Rule 6(d) does not apply here. The August 4 Order did not require Mendez to act within 21 days *after service* of the Order. Rather, it twice instructed him to act "within 21 days of this Order." Dkt. 7 at 22. Thus, the triggering event was the August 4 Order itself, not service of that Order. Applying Rule 6(a), the 21-day period therefore expired on August 25, 2026. Rule 6(d) did not add three days to that deadline. Accordingly, the Court will determine whether Mendez demonstrated excusable neglect for failing to seek an extension *within* the 21-day deadline.

**a. Excusable Neglect**

In determining whether neglect is excusable, courts consider "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews,* 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Considering those factors, the Court concludes that Mendez demonstrated excusable neglect for his failure to seek an extension before the August 25 deadline. Although his interpretation of Rule 6(d) is incorrect, the Court recognizes that the distinction between a deadline running from the date of an order and one

running from service of an order may not be readily apparent to a pro se litigant. Moreover, Mendez sought an extension only two days after the actual deadline and before the August 28 deadline he believed applied. The resulting delay was minimal, there is no apparent prejudice resulting from that brief delay, and nothing in the record suggests Mendez acted in bad faith. Under these circumstances, the Court will excuse Mendez's failure to seek an extension before the August 25 deadline.

But this conclusion does not resolve whether Mendez has demonstrated good cause for the 30-day extension he requests.

**b. Good Cause**

The Court will give Mendez the benefit of the doubt on the good-cause question. Mendez's entire explanation for requesting an additional 30 days is that his mother experienced a "medical emergency." *Motion,* Dkt. 8, at 1. Typically, the Court would require more detail, such as information regarding the general nature of the medical emergency, when it occurred, how long it lasted, what responsibilities it imposed upon him, or how it affected his ability to prepare the amended complaint and completed IFP application. Given what is at stake here, however, and the urgency that now attends this matter, the Court will grant the extension, though it will caution Mendez that future, similar requests may be denied.

Finally, in his motion, Mendez stated that the August 4 Order did not explain why his IFP application was incomplete. That is incorrect. The Order identified several deficiencies in the application, including incomplete information concerning his assets, employment, financial accounts, vehicle, public benefits, and monthly expenses. *See* Dkt. 7, at 11–13. The Court instructed Mendez to complete every applicable line of any renewed application and to indicate when an amount is zero or a category does not apply rather than leaving the space blank. *Id.* at 13–14. If Mendez chooses to submit an amended complaint, he will need to correct the deficiencies in his IFP application if he wishes to seek IFP status.

**2. The Motion for Injunctive Relief**

The Court next turns to Mendez's request for injunctive relief. Given Mendez's request for a ruling within 24 hours, the Court's explanations will be exceedingly brief. The motion will be denied for at least the following reasons:

**A. There Is No Operative Complaint**

The most fundamental problem with Mendez's request for injunctive relief is that there is no operative complaint on file. As noted above, the Court dismissed Mendez's complaint on August 4. It nevertheless granted him limited leave to amend because, liberally construing his allegations and considering the Supreme Court's recent decision in *Pung v. Isabella County*, 146 S. Ct. 1964 (2026), the Court concluded that Mendez might be able to allege a Fifth Amendment claim

arising from Ada County's use of the tax-deed process. *See* Dkt. 7 at 18–21. Mendez, however, has not filed any such amended complaint, and this Court cannot preliminarily enjoin Ada County based upon a claim Mendez has not yet pleaded.

### B. Mendez Has Not Qualified to Proceed *In Forma Pauperis*

Another obstacle to granting preliminary relief is that Mendez has neither paid the filing fee nor obtained permission to proceed in forma pauperis in this action. The Court denied Mendez's original IFP application because it was incomplete and internally inconsistent. *See* Dkt. 7, at 10–14. Among other things, the Court explained that Mendez had failed to provide complete information concerning his assets, employment, financial accounts, vehicle, public benefits, and monthly expenses. Mendez has now submitted another IFP application, but that application is directed to his appeal rather than his proceedings before this Court. Moreover, it suffers from at least some of the same deficiencies previously identified by the Court.

### C. Mendez Has Not Provided Notice or Established a Basis for Proceeding Without It

A third problem is that Mendez asks the Court to issue a preliminary injunction, but "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Nothing before the Court indicates that

Mendez has notified Ada County of his motion or afforded it an opportunity to respond.

To the extent Mendez's demand for immediate relief is construed as a request for a temporary restraining order without notice, he has not satisfied Rule 65(b). Such an order may issue only if, among other requirements, "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The Ninth Circuit has emphasized that circumstances justifying an ex parte TRO are "extremely limited." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

The Court does not discount the urgency created by the impending sale of Mendez's home. But urgency alone does not justify proceeding without notice. Mendez has not shown that Ada County cannot be notified and heard before the alleged injury occurs, nor has he identified any reason why providing notice would itself frustrate the relief he seeks. Indeed, he does not describe any attempt to provide even informal notice of his request for emergency relief.[1] He therefore has

[1] In the past few days, Mendez has twice sent emails to Court staff concerning his planned filings in this case. Court staff did not respond to those communications and will not engage in substantive communications with Mendez by email. If Mendez seeks relief from the Court, he must do so by filing the appropriate document with the Clerk of Court so that it becomes part of the record in this action.

not established entitlement to an ex parte TRO.

**D. Mendez Misunderstands Idaho's Redemption Statute**

Mendez also rests his request for emergency relief, in part, on a mistaken understanding of Idaho law. In his email to Court staff, *see n.1,* he asserts that Idaho Code § 63-1007 gives him 14 months in which to redeem his property and suggests Ada County therefore cannot sell the property before that period expires.

That is not what the statute says. Section 63-1007 permits the record owner or party in interest to redeem tax-deeded property "up to the time the county commissioners have entered into a contract of sale or the property has been transferred by county deed." Idaho Code § 63-1007(1). The statute further provides that the right of redemption expires 14 months after issuance of the tax deed if the County has not already extinguished that right through a contract of sale or transfer by county deed. Id. § 63-1007(2). The 14-month period is therefore not an unconditional period during which Ada County is prohibited from selling the property.

The Court expresses no opinion as to whether Mendez presently retains a right of redemption, precisely when any such right may expire, or what amount would be required to exercise it. Mendez should understand, however, that this Court is not staying or enjoining the pending tax-deed proceedings. Accordingly, to the extent Mendez presently retains a right of redemption under Idaho law and

wishes to exercise it, he should act promptly.

### E. Mendez Misunderstands the Court's August 4 Order & Has Not Established a Likelihood of Success on the Merits of His Not-Yet-Filed Claim

Mendez also mischaracterizes the Court's August 4 Order. In his present motion, he asserts that the Court "has already indicated an unlawful taking of property" and relies on that supposed determination in arguing that he is likely to succeed on the merits. But the Court did not so hold. The August 4 Order held that Mendez's complaint failed to state a claim and dismissed it. The Court nevertheless granted Mendez limited leave to amend because, concluding that he should be given an opportunity to plead a narrow Fifth Amendment claim concerning Ada County's use of the tax-deed process. *See* Dkt. 7 at 18–21. Whether Mendez can actually state such a claim remains an open question as he has not yet attempted to do so. To clarify, then, at this point, the Court has not determined that Mendez has even adequately alleged such a takings claim. As such, he certainly has not demonstrated that he is likely to succeed on such a claim.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Emergency Motion for Extension of Time to File Amended Pleadings (Dkt. 8) is **GRANTED**. Plaintiff may file an amended complaint and completed application to proceed in forma pauperis on or before **September 28,**

**2026**. Given the impending sale of the property, Plaintiff may wish to make those filings sooner. This extension does not stay or otherwise affect Ada County's tax-deed proceedings.

2. Plaintiff's Emergency Motion for Preliminary Injunction (Dkt. 9-1) is **DENIED WITHOUT PREJUDICE**. To the extent the motion may be construed as seeking an ex parte temporary restraining order, that request is likewise **DENIED**. ***Nothing in this Order, or in the Court's August 4, 2026 Memorandum Decision and Order, enjoins, stays, or otherwise prevents Ada County from proceeding with the pending tax-deed auction or sale.***

3. Given the time-sensitive nature of the matters addressed in this Order, the Clerk is directed to send a copy of this Order to Mendez by email using the email address from which he previously communicated with Court staff: raulmendez02@yahoo.com. This direction is for transmission of this Order only. It does not authorize or invite Mendez to communicate with the Court or Court staff by email. Court staff will not respond to any such emails. Mendez must submit any future requests for relief through an appropriate filing with the Clerk of Court.

DATED: September 1, 2026

______________________________
B. Lynn Winmill
U.S. District Court Judge